# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### GREEN BAY DIVISION

Matthew Dirden,

       Plaintiff,

       v.                       Case No. 1:26-cv-1244

Town of Morrison,

       Defendant.

## COMPLAINT

### I.    NATURE OF ACTION

101.    This is a civil action brought by the Plaintiff pursuant to 42 U.S.C. § 1983 in order to obtain declaratory and injunctive relief from the Town's Sex Offender Residency Restriction Ordinance, Chapter 53, § C. 4., , on the ground that it violates the ex post facto clause of Article 1, Section 10, of the United States Constitution.

## II.  JURISDICTION AND VENUE

201.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1343(a)(3) (42 U.S.C. § 1983 jurisdiction), and 2201-2202 (declaratory judgment jurisdiction).

202.    The Eastern District of Wisconsin is the proper venue for this action because the Plaintiff's claim arises in the Town of Morrison, which is located in Brown County, Wisconsin, which is within the geographical boundaries of the Eastern District of Wisconsin within the meaning of 28 U.S.C. § 1391(b).

## III.  PARTIES

A.    <u>Plaintiff</u>

301.    The Plaintiff, Matthew Dirden, is an adult resident of Wisconsin.

B.    <u>Defendant</u>

302.    The Defendant Town of Morrison is an incorporated municipality in Wisconsin with the capacity to sue and be sued in this court.

## IV.  ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION

401. In 1995, in Kewaunee County Case 2022CF19, Matthew Dirden was convicted of a violation 940.225(2)(a), second degree sexual assault by use of force or threat of force, and he was sentenced to prison.

2

402. In 1997, with the passage of the sex offender registration legislation, he became subject to a lifetime requirement that he register as a sex offender.

403. In 2013, Mr. Dirden was paroled and released from prison.

404. In 2016, Mr. Dirden bought a home in the Town of Morrison.

405. In 2020, Mr. Dirden was re-incarcerated briefly on a parole violation.

406. When Mr. Dirden was released from prison in May, 2020, the Wisconsin Department of Corrections issued a Special Bulletin Notification to local law enforcement.

407. On May 16, 2024, Matthew Dirden fully discharged his sentence on Case 2022CF19 and is no longer on parole, although he does remain on the Sex Offender Registry.

408. In 2014, the Town of Morrison enacted an ordinance that restricted where designated sex offenders could reside in the Town.

409. On October, 2016, the Town amended that ordinance to its present form, Chapter 53, § C. 4., "Restrictions on Sex Offenders."  A true copy of Town of Morrison Ordinance, Chapter 53 is attached as Exhibit A.[1]

410. A designated sex offender is defined as "any person who is required to register under Wis. Stat. 301.45 for any sexual offense against a child or under

---

[1] In the official online listing of Town of Morrison Ordinances, "Restrictions on Sex Offenders" is listed as Chapter 53.  However, the body of the ordinance itself carries the title "XXVI Restrictions on Sex Offenders"  At this time, the reason for this discrepancy is unknown.

Wis. State [sic] 301.45 and who has been designated a Special Bulletin Notification (SBN) sex offender pursuant to Wis. State [sic] 301.46(2) and (2m).

411. Matthew Dirden was designated a SBN sex offender, so he is a "designated sex offender" under the terms of the Ordinance.

412. Town of Morrison Ordinance, Chapter 53, § C. 4., "Restrictions on Sex Offenders" states in relevant part that a person who has been convicted of a sexually violent offense shall not be permitted to reside in the Town of Morrison unless such person was domiciled in the Town of Morrison at the time of the offense.

413. Mark Dirden was not domiciled in the Town of Morrison at the time of his offense.

414. The Ordinance provides a penalty of a forfeiture of not exceeding $500 per day for each day in which a person is in violation of the Ordinance. Chapter 53 § C. 6. c.

415. The Ordinance also permits the Town to seek equitable relief in the event of a violation. Chapter 53 § C. 6. c.

416. The Ordinance also contains distance restrictions that require the residence of a sex offender to be at least 1500 feet from certain named protected uses such as schools, day care centers, etc. The Plaintiff does not challenge those distance restrictions.

417. On April 29, 2026, the Town of Morrison Town Board sent a letter to Matthew Dirden noting the terms of the Ordinance and requiring him to respond to address his residency status.

418. A true and accurate copy of the April 29, 2026, letter (with the copy of the ordinance that was enclosed with it) is attached to this Complaint as Exhibit B.

419. Since his receipt of the April 29, 2026, letter, Mr. Dirden has had discussions with members of the Town Board, but to date, no resolution has been reached.

420. Absent Court intervention, Matthew Dirden is in jeopardy of being required to pay up to $ 500 per day in forfeiture or even of being required to vacate his home.

421. Town of Morrison ordinance, Chapter 53, § C. 4., "Restrictions on Sex Offenders" that prohibits sex offenders who were not residents of the town at the time they committed their offense from ever establishing residency in the town was not in existence at the time Matthew Dirden committed his offense.

422. A statute is retroactive when it changes the legal consequences of criminal conduct that occurred before the statute's enactment.

423. Town of Morrison ordinance, Chapter 53, § C. 4., "Restrictions on Sex Offenders" that prohibits sex offenders who were not residents of the town at the

time they committed their offense from ever establishing residency in the town operates retroactively.

424.  The ex post facto clause of the Constitution prohibits a law only if it is punitive in nature.

425.  An ordinance that imposes a blanket ban restricting all sex offenders from moving into and residing in a town is punitive in nature.  *Nelson v. Town of Paris,* 78 F.4th 389, 398 (7th Cir. 2023).

## V.  VIOLATIONS OF LAW

501.  The provision in the Town of Morrison ordinance, Chapter 53, § C. 4., "Restrictions on Sex Offenders" that prohibits sex offenders who were not residents of the town at the time they committed their offense from ever moving into and establishing residency in the town is facially unconstitutional because it violates the ex post facto provision of Article I, Section 10 of the United States Constitution.

502.  The provision in the Town of Morrison ordinance, Chapter 53, § C. 4., "Restrictions on Sex Offenders" that prohibits sex offenders who were not residents of the town at the time they committed their offense from ever moving into and establishing residency in the town is unconstitutional as applied to

Matthew Dirden because it violates the ex post facto provision of Article I, Section 10 of the United States Constitution.

## VI. DAMAGES AND EQUITY

A. <u>Damages</u>

601. To date, the Plaintiff has sustained no financial injury as a result of the Town's threat to enforcement its ordinance, so he does not seek compensatory damages at this time.

B. <u>Equity</u>

602. For the ongoing deprivation of his Constitutional rights, the Plaintiff has no plain, adequate, or speedy remedy at law and thus invokes the Court's equitable jurisdiction to award declaratory and injunctive relief against the Defendant.

## VII. CONDITIONS PRECEDENT

701. All conditions precedent to this action, within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## VIII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the Court grant judgment against the Defendant, awarding him:

901. A declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202 that the provision of Town of Morrison Ordinance Chapter 53 § C. 4.,

7

"Restrictions on Sex Offenders" that prohibits sex offenders who were not residents of the town at the time they committed their offense from moving into and establishing residency in the town is an unlawful ex post facto enactment, in violation of the Plaintiff's rights protected by Article 1, Section 10 of the United States Constitution;

902. A permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and all persons acting in concert or cooperation with it or at its direction or under its control from enforcing the provision of Town of Morrison Ordinance Chapter 53 § C. 4., "Restrictions on Sex Offenders" that prohibits sex offenders who were not residents of the town at the time they committed their offense from establishing residency in the town against the Plaintiff;

903. His costs, attorneys' fees and litigation expenses pursuant to 42 USC §1988, as well as any further relief this Court deems just.

Dated this 15th day of July, 2026

Respectfully submitted,

Matthew Dirden, Plaintiff
By

8

THE JEFF SCOTT OLSON LAW FIRM, S. C.
ATTORNEYS FOR PLAINTIFF
Jeff Scott Olson
State Bar Number 1016284
Andrea J. Farrell
State Bar Number 1064773
1025 Quinn Drive, Suite 500
Waunakee, Wisconsin 53597
Phone    (608) 283-6001
Fax       (608) 283-0945
Email    JSOlson@scofflaw.com


     /s/ Jeff Scott Olson

_____

Jeff Scott Olson